IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYM PENDARVIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CONOCOPHILLIPS PIPE LINE COMPANY, ANDERSON GAS AND PROPANE, INC., JAMESTOWN INSURANCE COMPANY, RRG, and UNION PACIFIC RAILROAD COMPANY, | ) Case No. CIV-08-467-JHP |
| Defendants. | ) |

## ORDER AND OPINION

Before the Court is Defendant's Motion to Transfer Venue [Docket No. 32], Plaintiff's Response in Opposition [Docket No. 41], and Defendant's Reply [Docket No. 44]. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

Plaintiff is a citizen of Oklahoma and resides in Anadarko, Caddo County, Oklahoma. The decedent also resided in Anadarko, Caddo County. Plaintiff has filed suit against the defendants to recover for the wrongful death of Mr. Pendarvis. Prior to the wreck, Mr. Pendarvis and the plaintiff, Kym Pendarvis, had been married and divorced. However, Plaintiff alleges at the time of Mr. Pendarvis' death, he and Mrs. Pendarvis were common-law husband and wife, as recognized by the State of Oklahoma. Plaintiff asserts her claims against the defendant, Anderson Gas and Propane, Inc. under the FELA (45 U.S.C. §51), and her claims against the other defendants under the laws

of the State of Oklahoma. Plaintiff alleges the decedent was killed when defendant's employee drove its propane truck over a railroad crossing. Decedent's train, unable to stop in time to avoid contact, crashed into the propane truck. The truck tanker exploded shortly after impact, bursting into flames. The cab of the lead locomotive ruptured, killing decedent and his crew member.

Defendant filed the instant Motion to Transfer Venue alleging the case should be transferred to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404. Defendant argues the Eastern District of Oklahoma is a *forum non conveniens* because all the events that gave rise to this lawsuit occurred in the Western District of Oklahoma, Plaintiff resides in the Western District of Oklahoma, as did decedent. All of the witnesses to the accident referenced in the Oklahoma Traffic Collision Report also reside within the Western District of Oklahoma, and therefore the case should be transferred to the Western District of Oklahoma. Further, Defendant argues none of the witnesses would be subject to compulsory process from the Eastern District under Fed.R.Civ.P. 45(b)(2)(B).

Plaintiff argues he has the right to sue Defendant wherever Defendant does business. Plaintiff makes no attempt to argue the Eastern District of Oklahoma is a better—or more convenient— forum than the Western District of Oklahoma, Plaintiff instead argues that, as the plaintiff, she should be afforded the right to choose her own forum. Plaintiff further argues that a change of venue at this point would not be "in the interest of justice."

**DISCUSSION**

28 U.S.C. § 1404(a) deals with the right to transfer an action properly filed and states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." While Plaintiff is correct that the Eastern District of Oklahoma is *a* proper forum for the instant action, the inquiry

does not end there. Defendant having sought transfer, the Court must now examine the case under the traditional §1404(a) factors to determine whether the case should be transferred to a more convenient district.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted). A "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972). The factors to consider in determining whether to transfer a case pursuant to § 1404(a) are: (i) the plaintiff's choice of forum; (ii) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (iii) the cost of making the necessary proof; (iv) questions as to the enforceability of a judgment if one is obtained; (v) relative advantages and obstacles to a fair trial; (vi) difficulties that may arise from congested dockets; (vii) the possibility of the existence of questions arising in the area of conflict of laws; (viii) the advantage of having a local court determine the questions of local law; and, (ix) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

While a plaintiff's choice of forum is usually entitled to deference, courts refuse such deference "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum[.]" *Cook v. Atchison, Topeka & Santa Fe Railroad Co.*,

816 F.Supp. 667, 669 (D.Kan.1993), *citing Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 990 (E.D.N.Y.1991). Here, none of events giving rise to Plaintiff's cause of action occurred in the Eastern District. To the contrary, as previously stated, Plaintiff lives in the Western District of Oklahoma. Additionally, all known witnesses to the accident reside in the Western District of Oklahoma. The sole connection to the Eastern District is Anderson's established facilities within this district, but it does business throughout the state, including the Western District of Oklahoma. The Court, therefore, gives minimal weight to Plaintiff's choice of the Eastern District as her forum. *See, e. g ., Robertson v. Kiamichi Railroad Co.*, 979 F.Supp.2d at 656. ("In a FELA action where none of the operative facts occur within the plaintiff's originally selected forum, the plaintiff's choice is entitled to only minimal consideration.").

Further, if Plaintiff had brought this action in the judicial district where she resided, her choice would be entitled to more deference, but since she did not, her choice of venue is entitled "to only minimal consideration." *Id*. In fact, "the plaintiff's choice of forum will be given close scrutiny where ... plaintiff does not live within the Division of the Court." *Dearing v. Sigma Chemical Co., 1 F.Supp.2d 660, 665 (S.D. Tex. 1998).* Plaintiff resides in the Western District of Oklahoma, so her decision to bring this action in this district is suspect. *See also, Shoemake v. Union Pacific R.R. Co., 233 F.Supp.2d 828, 830-32 (E.D. Tex. 2002) ("the plaintiff's choice of forum is not afforded the deferential treatment here that it would receive if [he] was in fact a resident of his chosen forum.").*

The Court's focus, therefore, is on the convenience of the witnesses and parties. *See Cook v. Atchison, Topeka & Santa Fe Railroad Co.*, 816 F.Supp. 667, 669 (D.Kan.1993) ("The convenience of witnesses is the most important factor in deciding a motion under §

4

1404(a).")(internal citation omitted). Under these circumstances, the Western District of Oklahoma is clearly the more convenient forum. Therefore, the Court finds that justice is best served by a timely transfer of this case to a more convenient forum for the parties and witnesses involved.

The Court, therefore, finds that Defendant has met its burden of proving the inconvenience of Plaintiff's selected forum.

## **CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Transfer Venue is GRANTED. The case is therefore transferred to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED this 17th day of April, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma